I respectfully dissent.
The stipulated facts in this case as shown by the record are as follows:
 1. On September 21, 1977, the State of Alabama, Department of Revenue, asserted a use tax of $1,711.03 against Ball-Co Contractors, Inc. for purchases made between October 1, 1974 and December 31, 1976.
 2. After a Petition for Redetermination filed by Ball-Co Contractors, Inc. was denied, the same use tax assessment was made final on January 13, 1978 in the amount of $1,711.03 plus interest of $260.72 for a total of $1,971.75.
 3. After the final assessment as made and entered on the records of the Department of Revenue, Ball-Co Contractors, Inc. filed this timely appeal.
 4. On December 20, 1974, Ball-Co Contractors, Inc. and The Public Building Authority of The City of Prichard entered into a contract by which Ball-Co Contractors, Inc. served as the general contractor for the construction of the Prichard Municipal Complex.
 5. Ball-Co Contractors, Inc. was not appointed purchasing agent for The Public Building Authority of the City of Prichard, and does not maintain it was ever appointed purchasing agent for the Public Building Authority.
 6. The Public Building Authority of the City of Prichard is a public building authority organized under Code of Alabama 1940 (Recompiled 1958), Title 37, Chapter 18 (now Code of Alabama 1975, Title 11, Chapter 56), and its projects and income are exempt from all state taxation.
 7. Of the purchases against which the use tax assessment was made, $41,945.01 were made on purchase orders prepared for and bearing the name of The Public Building Authority of The City of Prichard. *Page 335 
 8. Of the purchases against which the use tax assessment was made, $41,945.01 were initially paid with checks issued by Ball-Co Contractors, Inc.
 9. Ball-Co Contractors, Inc. completed the contract with The Public Building Authority of The City of Prichard and was paid all sums due under that contract and under all change orders issued pursuant to that contract.
The statute as quoted in the majority opinion, to me, clearly states that each project of a public building authority shall be exempt from taxation. The facts as shown above reveal, at least to me, that this is a project of the building authority. The project is owned by the public building authority. The purchase of material and equipment used in the project was made on purchase orders issued by the public building authority. They were paid initially by the contractor. All sums due under the contract were then paid by the public building authority to the contractor.
The facts of this case are precisely what the statute envisions to be exempt. I cannot see how the fact that the contractor initially paid for the items makes the statute inoperative.
Put another way, the majority opinion is a narrow construction of the statute which was not intended by the legislature.
I would affirm the judgment of the trial court.